IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v. ) | |
| ) | NO. 1:16-CR-006-17-ELR/AJB |
| WALTER ALVARADO LOPEZ, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Walter Alvarado Lopez ("Lopez" or Defendant) moves to dismiss the indictment against him on the grounds of double jeopardy. [Doc. 344]. For the following reasons, the undersigned **RECOMMENDS** that the motion be **DENIED**.

Lopez is named in a multi-count, multi-defendant indictment charging, in part, the distribution of controlled substances inside Georgia state prisons. [Doc. 1]. Specifically, Lopez is charged with conspiring with others inside and outside of the prisons between at least June 2014 until the date of the return of the indictment in January 2016, to knowingly and intentionally possess at least five grams of actual methamphetamine, in violation of 21 U.S.C. § 846, (Count One); and with possessing with intent to distribute, along with co-defendant Francisco Palacios Baras, at least five grams of actual methamphetamine on or about August 6, 2014, in violation of

21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 18 U.S.C. § 2, (Count Two). [Doc. 1 at 1-7].

He contends that the indictment offends double jeopardy because he was previously charged, convicted, and punished for the same conduct in the Superior Court of DeKalb County, Case No. 15-CR-1853, when he pleaded guilty to Count 2 of that indictment on May 5, 2015, and received a sentence of ten years to serve three years in custody. [*See* Docs. 344 at 1, 344-1 at 2, 6]. He alleges that the state case actually was controlled and operated by agents of the U.S. Drug Enforcement Administration ("DEA"). [Doc. 344 at 1].

The motion is due to be denied for three reasons. First, the allegations in the federal case and the state case are different, in that different quantities of controlled substances are alleged in each indictment and the acts charged are alleged to have occurred on different dates. The federal case alleges a conspiracy between at least June 2014 and January 2016, together with a substantive count alleging conduct on or about August 6, 2014, with both counts involving at least five grams of actual methamphetamine; while the state court case alleges possession with intent to distribute more than four hundred grams of methamphetamine on or about September 22, 2014. [Doc. 244-1 at 7]. *See, e.g., United States v. Bobb*, 577 F.3d 1366, 1373-75

2

(11th Cir. 2009) (holding that indictment charged two separate offenses in part because charged offenses occurred on two different dates); *United States v. Williams*, 527 F.3d 1235, 1242-43 (11th Cir. 2008) (holding that indictment charging multiple counts of wire fraud based on seven separate wire transmissions made on different dates and in different amounts of federal funds into account controlled by defendant was not multiplicitous in violation of double jeopardy principles); *United States v. Vaughn*, 859 F.2d 863, 865 (11th Cir. 1988) (double jeopardy violation not shown where defendant was charged with five separate possession of quantities of cocaine of varying purities on different dates).

Second, the former Fifth Circuit has held that double jeopardy is not violated when, as here, the federal prosecution includes a necessary element not present in the previous state prosecution. *United States v. Corbo*, 555 F.2d 1279, 1281 (5th Cir. 1977)[1]; *Blockburger v. United States*, 284 U.S. 299, 305 (1932) (holding that the controlling rubric in determining whether one transaction constitutes a violation of two separate statutory provisions calls for an examination of the proof required for conviction, and if one charge requires proof of a fact not required for the other charge,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

double jeopardy does not apply).  Obviously, Count One of the federal indictment, alleging a drug conspiracy, charges a completely different crime than the substantive offense charged in Count 2 of the state indictment.  It has long been held that when the conspiracy and substantive charges derive from separate statutes, "the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses" because the charge for conspiracy requires an element not required by the substantive offense: proof of an agreement.  *Pinkerton v. United States*, 328 U.S. 640, 643 (1946); *United States v. Ibarguen-Mosquera*, 634 F.3d 1370, 1382 (11th Cir. 2011) (footnote omitted); *see also United States v. Rice*, 43 F.3d 601, 608 (11th Cir. 1995) ("[A] person who is involved in a conspiracy for which he may be punished remains ultimately responsible for the individual overt acts which are themselves criminal and punishable.").

Also, the requirements for possession with intent to distribute in violation of federal law and Georgia law are different.  Under Georgia law, the prosecution must prove that the defendant knew the chemical identity of the substance in his possession, *see Patterson v. State*, 328 Ga. App. 111, 117, 761 S.E.2d 524, 530 (2014), while under federal law, the government must prove only that the defendant knew the substance he was dealing with was a controlled substance, but it need not prove that he knew the

4

exact nature of the controlled substance involved. *United States v. Sanders*, 668 F.3d 1298, 1311 (11th Cir. 2012) (per curiam) ("[T]he district court did not amend or broaden the indictment by instructing the jury that Sanders did not have to know specifically that he possessed cocaine."). Therefore, the federal prosecution is not barred by the previous Georgia prosecution.

Third, the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V. This guarantee protects defendants against successive prosecution for the same criminal offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993). A central issue in any double jeopardy case is whether successive prosecutions charge the "same offence." For decades the Supreme Court has held that elementally identical offenses are nevertheless different for purposes of the Double Jeopardy Clause when they are charged by separate sovereigns. *See, e.g., United States v. Wheeler*, 435 U.S. 313, 317 (1978); *United States v. Lanza*, 260 U.S. 377, 382 (1922); *United States v. Harden*, 37 F.3d 595, 598 (11th Cir. 1994) ("[T]he United States Attorney has prosecutorial discretion even if a case is first referred for state prosecution because a defendant may be prosecuted and convicted under a federal statute following conviction in state court for the same conduct without violating due process.") (citing *Abbate v. United States*,

5

359 U.S. 187, 190-96 (1959)); *United States v. Hayes*, 589 F.2d 811, 817-18 (5th Cir. 1979). This "dual sovereignty doctrine" is rooted in the common-law conception of crime as an offense against the sovereignty of a government. *Heath v. Alabama*, 474 U.S. 82, 88 (1985). The rationale is simple:

> When a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offenses. . . . [W]hen the same act transgresses the laws of two sovereigns, "it cannot be truly averred that the offender has been twice punished for the same offense."

*Id.* (quoting *Moore v. Illinois*, 55 U.S. (14 How.) 13, 19, 14 L.Ed. 306 (1852)); *see also United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1360 (11th Cir. 1994).

Like the defendants in *Baptista-Rodriguez*, Lopez argues that the "sham" or "cat's paw" exception to the dual sovereignty doctrine applies in this case, because the DeKalb County prosecution was just the tool of the federal authorities, and thus the state and federal drug charges must be viewed for double jeopardy purposes as a single prosecution. To fit within that exception, a defendant must show that one sovereign was so dominated, controlled or manipulated by the actions of the other that it did not act of its own volition. *Baptista-Rodriguez*, 17 F.3d at 1361 (citing *United States v. Raymer*, 941 F.2d 1031, 1037 (10th Cir. 1991); *United States v. Liddy*, 542 F.2d 76, 79

(D.C. Cir. 1979)).[2]  In effect, Lopez has to demonstrate that the DeKalb County authorities were mere puppets and were manipulated by federal authorities. *Baptista-Rodriguez*, 17 F.3d at 1362.

In *Baptista-Rodriguez*, where double jeopardy was found not to be violated, the defendants moved to dismiss the federal indictment after the Bahamian charges were resolved.  The United States was solely responsible for the discovery and exposure of the drug smuggling operation prosecuted first in the Bahamas and then in the United States.  Virtually all the law enforcement work was done by federal agents.  The federal prosecution was put on hold until the Bahamian authorities concluded their prosecution.  Yet, none of these factors individually or in combination were found sufficient to have abrogated the dual sovereignty doctrine.  As the Eleventh Circuit noted, that federal authorities performed the investigation did not demonstrate that the United States interfered with the Bahamian decision to investigate or prosecute the case.

---

[2] The Eleventh Circuit has never recognized such an exception, *see United States v. Ducuara De Saiz*, 511 Fed. Appx. 892, 896 n.2 (11th Cir. Mar. 4, 2013), but analyzes cases as if it did.  *See United States v. Gholikhan*, 370 Fed. Appx. 987, 990 (11th Cir. Apr. 1, 2010) ("This court has repeatedly declined to confront the validity of the sham prosecution in those cases where the defendant had failed in any event to demonstrate sham prosecutions.") (citation omitted)*; Baptista-Rodriguez*, 17 F.3d at 1361 ("The Eleventh Circuit has not squarely confronted the validity of the sham prosecution exception.").

7

"Independent sovereigns do not forfeit their right to charge and punish violations of their own laws because some other sovereign had the resources and separate interest to investigate the crimes and expose the criminals." *Id.*

The evidence of federal involvement is less in this case than in *Baptista-Rodriguez*. All that Lopez argues is that the DEA agents "actually controlled and operated" the DeKalb County prosecution, but surely such conclusory statements are insufficient to warrant relief, much less an evidentiary hearing on the motion. As *Baptista-Rodriguez* points out:

> When a defendant moves to dismiss an indictment on double jeopardy grounds, he bears the initial burden of establishing a nonfrivolous prima facie claim. *E.g., United States v. Nino*, 967 F.2d 1508, 1510 (11th Cir. 1992) [ ]; *United States v. Stricklin*, 591 F.2d 1112, 1117-18 [(5th Cir. 1979).] Only after the defendant crosses this threshold does the burden of persuasion shift to the government to prove that no constitutional violation exists. *E.g.*, *Nino*, 967 F.2d at 1510; [*United States v.*] *Benefield*, 874 F.2d [1503,] 1505 [(11th Cir. 1989)]. Although a defendant typically can make out a prima facie case by resort to the pleadings from the respective prosecutions, supplemental factfinding may be necessary. To warrant an evidentiary hearing, however, the defendant must at least allege facts that, if proved, would make out a prima facie case. "Absent a proffer of evidence demonstrating a nonfrivolous double jeopardy claim there is no obligation to hold an evidentiary hearing. . . ." *United States v. Sturman*, 679 F.2d 840, 844 (11th Cir. 1982)[ ]; *accord United States v. Garcia*, 721 F.2d 721, 723 n.2 (11th Cir. 1983).

8

*Baptista-Rodriguez*, 17 F.3d at 1360 (footnote omitted).  Lopez has failed to allege sufficient facts because, as demonstrated above, even accepting as true all of his allegations would not satisfy the high burden to abrogate the separate rights of independent sovereigns to prosecute violations of their own laws.  *Cf. United States v. Koon*, 34 F.3d 1416, 1439 (9th Cir. 1994) (holding that to qualify for an evidentiary hearing on a dual sovereign double jeopardy claim, a defendant must, at the very least, "make more than 'conclusory allegations' of collusion") (citing *United States v. Russotti*, 717 F.2d 27, 31 (2d Cir. 1983)); *Russotti*, *id.* (holding that a hearing not needed where defendant "offered little in the way of proof of federal orchestration other than the barest conclusory allegations").

Accordingly, the undersigned **RECOMMENDS** that Lopez's motion to dismiss on double jeopardy grounds, [Doc. 344], be **DENIED** without an evidentiary hearing.

The Court has now ruled on all matters referred to it pursuant to Standing Order 14-02 (N.D. Ga. Aug. 15, 2014), and has not been advised of any impediments, including the need for additional discovery, to the scheduling of a trial.  Accordingly, this matter as to this defendant is **CERTIFIED READY FOR TRIAL**.[3]

---

[3] However, since matters pertaining to Defendant's co-defendants are still pending before the undersigned, it is not necessary to place Defendant's case on the trial calendar at the present time.

9

**IT IS SO RECOMMENDED AND CERTIFIED**, this __8th__ day of February, 2017.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE